Good morning, Your Honors. May it please the Court, I would like to... Counsel, would you introduce yourself? Yes. My name... I'm John Levant for the petitioner, Hasan Aji. John Levant. Yes. May it please the Court, I would like to address my arguments to the issue as to why the petitioner is eligible for adjustment of status under IMA 24I, and why the Board of Immigration Appeals decision was in error. It's our position that the interpretation of the statute exceeds the statutory requirements and intention of 245I. 245I is a remedial statute. The intention of the statute was to grant immigration benefits to aliens who are unlawfully in the United States. To effect this statute, a penalty fee was required. A $1,000 penalty fee was required. This is distinguishable from other statutes, such as 245E, which is an enforcement statute, heightening the burden of proof that an alien must satisfy in immigration court proceedings. 245E required clear and convincing evidence to support a bona fide marriage petition. This is distinguishable from 245I in which no such requirement is required. Furthermore, the 245I requirement is simply to show that the person is grandfathered and a grandfathered person under 245I may apply for immigrant benefits under another petition for which they are eligible. There is no such requirement for a bona fide marriage in 245I. That, in effect, is the standard required for adjudicating the petition. Second, it is our position that the BIA decision and the government are imposing requirements that are beyond those established by INS in the regulations and in the INS policy manuals. The INS policy manuals and, first of all, the regulations state that approvable when filed is defined as a petition that is meritorious, properly filed, and not frivolous. The standard of the petition is a petition that is meritorious, properly filed, and not frivolous. The standard of the petition is a petition that is meritorious, properly filed, and not frivolous. The problem as I look at it, counsel, is that the offer, the showing, was only a filing receipt. What was the evidence that this was approvable as well? It's our position that the regulations as interpreted by INS only require proof of the filing of a petition. May I quote the exact words of the regulation? Approvable and filed means meritorious, properly filed, and not frivolous. It's our position that this language means that in the absence of any evidence of fraud, the petition should be approvable for grandfathering purposes. How do you satisfy the meritorious part of that three-prong requirement? Meritorious means in the absence of any evidence indicating that the grandfathered qualifying petition was fraudulently filed. We believe this case is distinguishable from Rierdo. In Rierdo, there was already a decision by INS on the qualifying petition. In this case, the petition was still pending. The only evidence in the record was that there was a marriage, a petition was filed, there was a separation and a divorce. This does not indicate fraud. In Rierdo's case, there was a decision and there was evidence indicating that the qualifying petition may have been fraudulent. The facts of that case is that the petitioner in Rierdo divorced his wife and then subsequently married the mother of his child, who was living in the same building. Under these conditions, there was sufficient evidence for the legacy INS to base the finding of fraud. There's no such evidence in this case. I would agree with Your Honors that if this was a situation such as 245e, which is an enforcement statute, more evidence would have been required. But 245i is not an enforcement statute. It's a remedial statute. It's to grant immigration benefits to aliens who are unlawfully in the United States but are still willing to pay a $1,000 penalty fee. As a practical matter, since 245i allows the qualifying petition to obtain permanent residency under a different petition, like, for example, an employment-based petition, the qualifying petition may have been filed before 2001. It may have been filed many, many years earlier. The evidence that the government seeks may not have been available. If the alien is in immigration court and seeks relief based upon a marriage and the parties, the husband and wife, are present in immigration court, then it's reasonable for the government to seek this type of evidence. But in a grandfather's situation, the only practical matter, the only evidence the alien may have is the filing of the petition, which occurred so many years ago, and In the Riero case, there was already evidence before the government indicating that the qualifying petition was fraudulent. There's no evidence indicating that there was a fraudulent petition here. And the policy memos, and I believe the regulations, clearly state that a pending petition may still be qualifying. Even a denied petition may be qualifying if the reason for the denial is subsequent change of circumstances. You can have a bona fide marriage, but the marriage could be terminated for irreconcilable differences several years later. They don't have to show that it was approvable when filed? They do, but subsequent circumstances may cause the denial of the petition. Here, the only evidence is that there was a marriage. The parties separated and were divorced. Subsequent circumstances may have prevented the qualifying petition from being approved, but 245i does not require an approved petition. Second, what the government's doing is changing the regulatory standard. It's unfair to Petitioners. The Petitioners should have clear notice of what type of evidence is required. Well, as to notice, what do we do with H.C.F.R. 204.2A13A, which says the Petitioners should submit documents which establish the marriage was entered into in good faith and so forth, and then list the documents. Number one, documentation showing joint ownership of property. Two, lease showing joint tenancy. Three, documentation showing commingling of financial resources. None of those were offered here. And these are in the regs. That regulation applies if the Petitioner is seeking immigrant benefits based on that petition, but Petitioner is not. The benefits were sought upon a different marriage. This is simply for grandfathering purposes, to qualify under the remedial statute of 245i. So you're saying that reg does not apply in your situation? Is that what you're saying? The regulation does not apply because the Petitioner is not seeking benefits based on her marriage to Ms. Enoch. It's based upon a subsequent petition. As I maintain, the standard is meritorious and not patently frivolous. I think that means it's in the absence of any evidence of fraud. And that's traditionally been taken to mean in the absence of any affirmative evidence of fraud. There's no affirmative evidence of fraud in this case. There was evidence of fraud in the Riero case because the Riero case was adjudicated by the government, and the government received from the Petitioner evidence suggesting that the Petitioner had been fraudulent. The fact that the relation terminated, the relationship of the grandfathering terminated is not evidence of fraud agreed. It's not evidence to approve the petition. That I certainly agree, but 245i does not require that the petition be approved to be grandfathered. And if you look at another section of the Bates memorandum, it seems to suggest that in a slightly different context, in an employment-based petition, proof of filing with the Department of Labor may be sufficient. No other proof is required to show that the labor certification is qualified. The regulation that Judge O'Scanlan read to you seems to me require that proof be offered so that a determination can be made if it is fraudulent. And that wasn't offered here. The regulation says that the CIS, in the course of adjudicating that petition, required proof that the petition was not fraudulent and that evidence was not, that requirement was not complied with by the Petitioner. Again, in the Riero case and in the two First Circuit Court cases cited by the government in their brief, when the government was adjudicating the qualifying petition, again, this is in a separate proceeding. This is in a different proceeding than the actual 245i. The government, before it reached a decision, required evidence to show the petition was not fraudulent, but the Petitioner failed to comply with this requirement and the government denied the petition. In this case, the petition was never denied and the government made no finding of fraud or lack of bona fide marriage. Mr. Levin, maybe I ought to ask opposing counsel this, but I wonder if you know as a practice. Pardon me? Again, I think this is also a situation where, to be fair to the Petitioner, the government should make it clear by regulation or policy as to what type of evidence is required. Petitioner never stated in his brief that he was unwilling to provide this evidence. He stated that he would have provided it if he was put on adequate notice that it was required. Do you happen to know whether people are actually being removed to Syria these days? Do you know whether or not that's actually happening? I have several asylum cases in which clients who are Christians are claiming persecution from Syria. I mean, some of them, of course, will be denied. No, no. What I'm asking you is are they actually sending people back to Syria? Do we have relations with Syria where people are actually being deported? I would guess not at the present time, but I don't know if this is official or unofficial. Counsel, you're down to three minutes. Do you want to reserve? Yes, I will. Thank you, Your Honor. You may do so. We'll hear from the government. May it please the Court. John Nicholas for the United States. Your Honors, there's three issues in this case. The adjustment of status issue, which we were discussing, whether or not Petitioner filed a timely asylum application, and whether or not substantial evidence supports the agency's adverse credibility determination. Why don't we start with the adjustment of status? That's what I figured. Yes. Petitioner is not eligible in this case to adjust status. He's not — excuse me. The Court did not abuse his discretion in denying the motion to reopen because the Petitioner did not establish that he's prima facie eligible to adjust his status. In order to adjust his status, Petitioner needed a waiver pursuant to 245I to be grandfathered in. With his marriage, that would have happened before or after — before, excuse me, April 30, 2001. Petitioner was not able to do that in this case because he did not submit sufficient evidence to show that it was approvable when filed. Well, why don't you respond directly to what Mr. Levent was arguing, such as the regulation I referred to doesn't apply, and as I understand his argument, one only needs to provide more detailed evidence if there is an assertion of fraud, which there was not in this case. I think that I would direct the Court to an out-of-circuit case, Echevarria v. Kiesler. It's in the Respondent's Brief at 28 through 29, in which case the First Circuit held that if the alien shows that the visa petition was approvable, including meritorious in fact, the Court should not — excuse me — the Court should not require revisiting the original visa determination if one was made on the merits. In this case, there was no visa petition made on — there was no determination on the merits as to whether or not the marriage petition was meritorious. Therefore, there was a requirement to show that it was meritorious on the motion to reopen. What petitioners — if their interpretation of the regulation were to be held by this Court, basically all that an alien would need to show is that it's just a plain merits certificate. It could have been entered fraudulently. It could have been entered for any reason whatsoever. Other than this First Circuit case, is there any authority that would have put Aji on notice that he had to do this? A matter of loriano in the board decision lists what evidence is needed to establish a legitimate marriage, what type of proof, insurance policies, property leases, income tax forms, bank accounts. I think that the regulation cited earlier also lists the type of documents — Is that in connection with this kind of motion to reopen, or is that in a different context? Was it a matter of loriano? Yes. That would be in a different context. That's a 1980 case. Is there anything in this context that says he would have had to come forward with more than a filing receipt? I think — I don't have a case run as to what other evidence he would have needed to come forward with. Mr. Levan's point was he didn't know he was supposed to come forward with more stuff. And I'm asking you, is there anything that I can point to that says, yes, this should have put you on notice when you filed it that you have to come forward with more stuff? I think for filing a motion to reopen, Your Honor, he must show that he's prima facie eligible for the relief that is requested. In this situation, he's claiming that he was grandfathered in on a previous marriage. To show that he's prima facie eligible to adjust the status in this case, he needed — based on, you know, just on the statute alone for motions to reopen, he needed — he should have been aware that he needed more evidence. Yeah, but the question is, based on what? I mean, Judge Sherman is asking you, what is it that was telling this petitioner that the filing receipt was not enough? He had to do more. What is it that tells him that? First, I think it's the motion to reopen statute, I think, says that — Okay, and where — That does not establish prima facie eligibility for — that does not establish prima facie eligibility. Yeah, but where in the statute? We need more than just the statute. What section, what line, what subsection? And you might also address the point of whether the regulation that I read in part applies or doesn't. Mr. Levant says it doesn't apply in this context. I think that that regulation certainly gives the alien notice of what type of evidence he would need to submit to establish prima facie eligibility. Well, what is it that makes that regulation apply in this case? Is there a passage in the statute that ties it in, or what? I mean, I would look to 245.10A3. Now, would you repeat that? What's this? Are we talking statute or regulation? This is regulation, ACFR 245.10A3. And it says the determination as to whether or not a visa petition was meritorious  petition or application was filed. based on the circumstances that existed at the time the qualifying petition or application was filed. And I think when they say circumstances, it definitely suggests that there should be a greater showing than just a visa, the receipt that petitioners submitted, that there should be more evidence. I mean, I also, just in general, for motions to reopen, to establish prima facie eligibility for motions to reopen, it is the alien's burden to submit sufficient evidence to show that they're prima facie eligible. And to show that you're prima facie eligible based on a marriage and only submitting one document that shows that we were married without showing that it was meritorious in fact, that's not establishing prima facie eligibility. Which is necessary for a motion to reopen. Okay. What is it that ties it to 1240.A? I'm sorry, which is the regulation I was reading from? Forty-five. It was 1204, wasn't it? Okay. It's 204.2. That's right. HCFR section 204.2. It would be more than one to submit a letter to the court following this to show why the general rule prohibiting approval of visa for marriage or independency of the removal proceedings. I submit a letter to the court after this hearing explaining the applicability of that regulation. If that would please the court. Or it wouldn't. Well, is there any general principle you can offer? Is there anything in In re Riero that helps us here? In re Riero, which predates the board decision in this case, lists the documents that are useful in establishing bona fide marriage. Okay. But you heard Mr. Levant. He distinguishes In re Riero. What's your response to that? I think that In re Riero is applicable. I mean, in re Riero, there's been a denial of the visa petition. And in this case, there's been no adjudication on it. But I think that the bigger distinguish we should be looking at is so long as the marriage the board and the agency should be looking into whether or not it's a valid marriage. So he's making the determination that there there was a denial. But so long as there was not an approval of that marriage petition, it's legitimate for the board to be trying to figure out whether or not that was a meritorious visa application. I mean, petition has an interpretation of meritorious, meaning that so long as there's no fraud shown, something is meritorious. And I think that to establish that something is meritorious based on the definition of the word, there should be a showing from the alien, a positive showing of evidence. And it doesn't switch saying that something needs to be meritorious, does not shift the burden to the government to to establish that that it's fraudulent. Let me ask you the same thing I asked. You know, if as a practical matter, people are being removed to Syria. I do not know that at this moment. Your Honor, conditions in Syria are changing fairly constantly. The government still thinks that this case should go forward with the so that if and when removals to Syria resume, there will be a final order of removal at that time. Who thinks that you say the government thinks that is that your opinion or is this the view of the department or what? That's the view of the department. That we should continue in that when conditions are right, then the removal will take place. I mean, simply because the removals aren't taking place right now does not mean that we should postpone the case. Is the alien at liberty during that time? It's my understanding that the alien is not in custody at this time, Your Honor. Is there any further questions about the merits of the case? No. No further questions. Thank you, counsel. Mr. Levin, you have some reserve time. In response to Judge Silberman's question, I can advise that the regulations allow the petitioner to file a motion to the Board of Immigration Appeals if they feel there have been changed or worsening circumstances in the native country. But that, I suppose, would be addressed to the Board of Immigration Appeals if the petitioner filed a motion. Would that be in the nature of a motion to reopen? That would be in the nature of a motion to reopen to the BIA on account of changed conditions in the country from which asylum is claimed. But, as I said, I think that would be the issue. Briefly, I will submit on the arguments I stated before. The exact regulatory language, as even the government cited in its brief, is that 245.10a, the regulation, defines approvable when filed as properly filed, meritorious in fact, and non-frivolous. And I think traditionally that means in a legal sense in the absence of any finding of fraud or that the petition was fabricated. If I may digress, in the asylum context, it's recognized that finding that an applicant is ineligible for asylum, or even if the immigration judge has doubts as to the asylum applicant's credibility, does not mean that the asylum application is frivolous. This is a very liberal standard, and it's quite distinguishable from 245e, the enforcement statute, for someone in immigration court to be ineligible for asylum.
judges: Alarcon, O'scannlain, Silverman